UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**STRIKE 3 HOLDINGS, LLC,**

    Plaintiff,

v.   Case No: 5:22-cv-460-JA-PRL

**JOHN DOE SUBSCRIBER ASSIGNED
IP ADDRESS 73.21.245.55,**

    **Defendant.**

## Order

    Plaintiff, Strike 3 Holdings, LLC, as the alleged owner of copyrights for several adult videos, upon which copyrights Defendant allegedly infringed, seeks permission to serve Defendant's alleged Internet Service Provider (ISP), Comcast Cable Communications, LLC (hereafter, the ISP), with a subpoena for subscriber information prior to the Federal Rule of Civil Procedure 26(f) conference. (Doc. 7). With an assumption that the subscriber is the infringer (and, thus, the Doe Defendant), Plaintiff alleges that Defendant, known to Plaintiff only through an association with an internet protocol (IP) address, infringed its copyrights by using BitTorrent protocol to copy and distribute the videos. Plaintiff argues that it needs early discovery to learn Defendant's identity. *Id.*

    A court has broad discretion in managing discovery. *Klay v. All Defendants*, 425 F.3d 977, 982 (11th Cir. 2005). A court may permit a party to conduct discovery before a Rule 26(f) conference. Fed. R. Civ. P. 26(d)(1). Courts usually require a showing of good cause for early discovery. *See TracFone Wireless, Inc. v. Holden Prop. Servs., LLC*, 299 F.R.D. 692, 694 (S.D. Fla. 2014); *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 241 (S.D.N.Y. 2012); *Dorrah v. United*

*States*, 282 F.R.D. 442, 445 (N.D. Iowa 2012). Here, Plaintiff has established good cause for early discovery: it has sufficiently alleged infringement and it does not have another way to discover the putative infringer's identity to proceed with the litigation.

Still, the Court recognizes that the individual in whose name the internet access is subscribed at a given IP address may not be the same individual who engaged in the infringing activity. There is a substantial risk that a non-infringing party could be identified and served. As one court observed:

> By defining doe defendants as ISP subscribers who were assigned certain IP addresses, instead of the actual internet users who allegedly engaged in infringing activity, plaintiff's sought-after discovery has the potential to draw numerous innocent internet users into the litigation, placing a burden upon them that weighs against allowing the discovery as designed.

*SBO Pictures, Inc. v. Does 1-3036*, 2011 WL 6002620, at *3 (N.D. Cal. Nov. 30, 2011) (internal quotation and citation omitted). At the same time, the privacy concerns of non-infringers are not sufficient to deny Plaintiff access to the discovery sought because, without it, Plaintiff cannot proceed with its case. Therefore, certain procedural protections are warranted before any identifying information is made public.

Accordingly, and upon consideration, it is **ORDERED** that:

(1) Plaintiff's Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference (Doc. 7) is **GRANTED** as set forth in this Order;

(2) Plaintiff may serve the ISP with a Rule 45 subpoena commanding the ISP to provide Plaintiff with the name, physical addresses, telephone number, and e-mail address of the subscriber associated with the IP address at the time of the alleged infringing activity identified in the Complaint. Plaintiff may also serve a Rule 45 subpoena on any ISP identified in response to a subpoena as a provider of internet

services to the subscriber. Plaintiff shall attach a copy of the Complaint (Doc. 1) and this Order to any subpoena issued pursuant to this Order;

(3) If the ISP is a "cable operator" under 47 U.S.C. § 522(5), it must comply with 47 U.S.C. § 551(c)(2), which permits a cable operator to disclose personal identifying information if the disclosure is "made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed," by sending a copy of this Order to the subscriber assigned the IP address. The ISP shall have **21 DAYS** from service of the subpoena to notify the subscriber that identifying information is being sought pursuant to a Rule 45 subpoena. The ISP shall provide a copy of this Order with the notification;

(4) The ISP shall produce the information sought to Plaintiff no later than **21 DAYS** after notification to the subscriber;

(5) The subscriber shall have **14 DAYS** from the date of notification to move to quash or otherwise object to Plaintiff's subpoena;

(6) Plaintiff shall use the information obtained pursuant to the subpoena only for the purpose of protecting and enforcing Plaintiff's rights as set forth in the Complaint;

(7) Additionally, Plaintiff shall adhere to the following procedures:

    a.    In all written or oral communications with the subscriber, Plaintiff's attorneys shall identify themselves as representing Plaintiff and not representing the interests of the subscriber and must inform the subscriber that any statements made by the subscriber may be used against the subscriber;

    b.    If the subscriber contacts Plaintiff, Plaintiff shall inform the subscriber of the subscriber's right to hire legal counsel to represent the subscriber in this matter;

    c.    At any time, the subscriber may inform Plaintiff by telephone or written communication that the subscriber does not want any further communication with Plaintiff until Plaintiff names the subscriber as the Doe Defendant and serves the subscriber and in this matter; and,

    d.    At least **14 DAYS** prior to seeking issuance of a summons from the Clerk that names the subscriber as the Doe Defendant, Plaintiff must notify the subscriber, or counsel if represented, in writing of Plaintiff's intent to name the subscriber as the Doe Defendant and serve the subscriber in this case.

**DONE** and **ORDERED** in Ocala, Florida on October 31, 2022.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties